jonathannineteple

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America



FILED
DISTRICT COURT OF GUAM
APR 0 1 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 08-00013 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| JONATHAN NINETE, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A), the United States and the defendant, JONATHAN NINETE, enter into the following plea agreement:

1. The defendant agrees to plead guilty to Count I of an Indictment charging him with one count of Conspiracy to Manufacture Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. The United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the Districts of Guam or the Northern Mariana Islands (NMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the Districts of Guam or the NMI.

3(a). The defendant, JONATHAN NINETE, understands that the <u>maximum</u> sentence for Conspiracy to Manufacture Methamphetamine is not less than five (5) and not more than forty (40) years imprisonment, a $2,000,000 fine, and a $100 special assessment fee, which must be

paid at the time of sentencing. Any sentence imposed may include a term of not more than four (4) years supervised release pursuant to 21 U.S.C. §841(b)(B)(viii) in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

(b) If defendant is sentenced to pay a fine and is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Criminal Conspiracy as charged pursuant to 21 U.S.C. § 846, the government must prove each of the following elements beyond a reasonable doubt:

> First, beginning on or about September, 2007, an exact date unknown, and continuing thereafter to and until January 7, 2008, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and
>
> Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The defendant understands that to establish a violation of the unlawful Manufacture of Methamphetamine, as charged pursuant to 21 U.S.C. § 841(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

> First, that defendant manufactured methamphetamine hydrochloride, a Schedule II controlled substance;
>
> Second, that he knew that the substance he was manufacturing was methamphetamine hydrochloride, a Schedule II controlled substance;
>
> Third, that defendant acted intentionally, that is, that it was his conscious object to manufacture the controlled substance.

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used in calculating the applicable guidelines level. The government and the defendant stipulate to the following facts:

(a) The defendant was born 1980, and is a citizen of the United States.

(b) Between September 2007 and January 7, 2008, in the District of Guam, defendant JONATHAN NINETE, Vanessa Tenorio, Joshua J.C. Ulloa, and Christine M. Duenas and other co-conspirators both known and unknown did knowingly and intentionally combine, conspire, confederate and agree together and with each other to manufacture in excess of five grams net weight of methamphetamine hydrochloride, a Schedule II controlled substance.

On January 7, 2008 Guam Police entered the residence of Joshua Ulloa and noted the odor of chemicals emitting from the residence. Police located a suitcase with glassware, phosphorous, iodine, and a generator which were used in the manufacture of methamphetamine. The suitcase and glassware belong to Vanessa Tenorio. Jonathan Ninete used these items and conspired to manufacture five (5) or more grams of methamphetamine hydrochloride using pseudoephedrine which he (Ninete) purchased on December 28, 2007, and using pseudoephedrine purchased by Christopher Grantham, and Joshua Ulloa. Defendant JONATHAN NINETE intentionally manufactured in excess of five (5) grams of methamphetamine hydrochloride, a Schedule II controlled substance, knew that the substance he was manufacturing was methamphetamine hydrochloride, and it was his conscious object to manufacture the controlled substance.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

7. The government agrees that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a

plea of guilty, thereby permitting the government to avoid preparing for trial and the government and the Court to allocate their resources efficiently, and that in the event the defendant qualifies for a decrease under U.S.S.G. §3E1.1(a), the government will move the Court to decrease the offense level by one (1) additional level under U.S.S.G. §3E1.1(b).

8. The defendant understands and agrees that if he should breach this plea agreement, he will be fully subject to criminal prosecution for other crimes including the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the maximum possible penalty provided by law;

-4-

1     (b) His right to be represented by an attorney;

2     (c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    (d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    (e) That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    (f) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    (g) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

    11. This Plea Agreement states the complete and only Agreement between the United States Attorney for the District of Guam and the Northern Mariana Islands and the defendant, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or is on the record in Court. No other promises or

//
//
//
//
//
//
//
//

inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

DATED: 04-01-08

JONATHAN NINETE
Defendant

DATED: 1 April 08

STEPHANIE FLORES
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 4/1/08

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 4/1/08

JEFFREY J. STRAND
First Assistant U.S. Attorney

-6-